# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DARYL HEARD,** | ) | **CASE NO.  5:07CV3839** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUART HUDSON, Warden,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Daryl Heard ("Petitioner"), pursuant to 28 U.S.C. § 2254.  (Dkt. # 1).

On January 10, 2008, this case was automatically referred to Magistrate Judge Nancy A. Vecchiarelli for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1.  (Dkt. # 5).   On September 12, 2008, the Magistrate Judge issued a report and recommendation, recommending that the Court deny the instant petition because the claim presented in Ground One of the petition is procedurally defaulted and because the claim presented in Ground Two is without merit.  (Dkt. # 17).

Petitioner has timely filed objections to the Magistrate's Report and Recommendation.  (Dkt. # 18).

## I. GROUND ONE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner objects to the Magistrate Judge's finding that the claim presented in Ground One is procedurally defaulted.  In Ground One, Petitioner asserts that trial counsel was ineffective for failing to stipulate to the prior felony convictions which were an element of the charge of having a weapon under disability.  It is undisputed that Petitioner did not raise this issue in his delayed appeal to the state appellate court, which was his earliest opportunity to do so.  (Dkt. # 11, Ex. 6).  Petitioner first mentioned the issue as grounds for a claim of ineffective assistance of *appellate* counsel in his unsuccessful application to reopen his direct appeal pursuant to Ohio App. R. 26(B) ("Rule 26(B)").  (Dkt. # 11, Ex. 9).  Petitioner first raised the issue as an independent proposition of law in his appeal to the Supreme Court of Ohio from the Summit County appellate court's denial of his Rule 26(B) application.  The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Ohio law requires an appellant to raise an issue at the earliest opportunity to do so on appeal.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); State v. Roberts, 437 N.E.2d 598, 600-01 (Ohio 1982).  Claims that are not raised at the earliest opportunity are generally barred from further review by the state appellate courts.  Roberts, 437 N.E.2d at 601.  Likewise, "[i]f a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review."  Rust, 17 F.3d at 160.  The Magistrate Judge determined that because the claim of ineffective assistance of trial counsel was not

raised in the state courts at the earliest possible opportunity to do so, it was procedurally defaulted and may not be raised as a ground for federal habeas relief.  (Dkt. # 17 at 9).

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that he avoided procedural default by raising the issue of ineffective assistance of trial counsel in his Rule 26(B) application.  (Dkt. # 18 at 5).  As the Magistrate Judge noted, however, a claim of ineffective assistance of *trial* counsel cannot be raised in a Rule 26(B) application.  Ohio App. R. 26(B).  Therefore, Petitioner properly raised only a claim for ineffective assistance of appellate counsel.  Thus, the Magistrate Judge correctly determined that Petitioner had procedurally defaulted his claim for ineffective assistance of trial counsel for failing to stipulate to his prior convictions.  Petitioner's objections on that issue are without merit.[1]

The Magistrate Judge noted, however, that "[w]hen a claim has been defaulted due to ineffective assistance of [appellate] counsel, that is a cause sufficient to excuse a procedural default."  (Dkt. # 17 at 10) (citing <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451-52 (2000)).  Therefore, the Magistrate Judge found that Petitioner's procedural default of the claim presented under Ground One could be excused only if Petitioner could prevail in demonstrating the ineffective assistance of appellate counsel alleged under Ground Two.  Because the Magistrate Judge found that the claim raised in Ground Two was

---

[1]     Petitioner's reliance upon <u>State v. Davis</u>, 119 Ohio St.3d 422 (Ohio 2008), is misplaced.  The Supreme Court of Ohio in <u>Davis</u> held that the filing of a motion seeking a discretionary appeal in that court does not bar a ruling on the merits of a timely filed Rule 26(B) application to reopen an appeal on the grounds of ineffective assistance of *appellate* counsel.  <u>Davis</u> does not alter the fact that a claim for ineffective assistance of *trial* counsel cannot be raised in a Rule 26(B) application.  Thus, Petitioner's procedural default on his ineffective assistance of trial counsel claim is not avoided by his filing a Rule 26(B) application.

without merit, he recommended that the Court not excuse the procedural default of the claim raised in Ground One.

The Court agrees with the Magistrate Judge's findings regarding the interplay between Grounds One and Two.  Because Ground One was procedurally defaulted, Petitioner can succeed on that ground only if he can succeed on the merits of Ground Two in demonstrating that the procedural default was due to the ineffective assistance of appellate counsel in failing to preserve the issue for review.  Therefore, the Court will address the Magistrate Judge's findings and Petitioner's objections with respect to Ground Two of the instant petition.

## II. GROUND TWO: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner objects to the Magistrate Judge's finding that Ground Two of the instant petition is without merit.  Under Ground Two, Petitioner argues that appellate counsel was ineffective for failing to raise on direct appeal a claim for ineffective assistance of trial counsel based on his trial counsel's failure to stipulate to Petitioner's prior convictions.  As support for his claim, Petitioner cites the decision of the Supreme Court of the United States in Old Chief v. United States, 519 U.S. 172 (1997).  Claims of ineffective assistance of appellate counsel are reviewed under the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Haliym v. Mitchell, 492 F.3d 680, 694 (6th Cir. 2007).

The Magistrate Judge found that Ground Two lacked merit because Petitioner had failed to show either deficient performance or prejudice under Strickland.  Specifically, the Magistrate Judge found that because the Court's decision in Old Chief rested upon an

4

interpretation of Fed. R. Evid. 403, rather than on a violation of the defendant's constitutional rights to due process and a fair trial, Old Chief is not determinative of whether the Constitution requires a state court to accept a defendant's offer to stipulate to a prior conviction.  The Magistrate Judge further found that Ohio courts had differed regarding the authority of Old Chief, and that the appellate court of Summit County, which heard Petitioner's appeal, had not decided the issue.  The Summit County appellate court had held prior to Old Chief that neither the state nor the trial court is required to accept a defendant's offer to stipulate to a prior conviction.  Therefore, according to the Magistrate Judge, appellate counsel was not constitutionally deficient for failing to raise a claim for ineffective assistance of trial counsel based upon a failure to offer to stipulate.

Moreover, the Magistrate Judge found that Petitioner had failed to demonstrate prejudice from appellate counsel's failure to raise a claim of ineffective assistance of trial counsel.  That finding was based in part on the Magistrate Judge's determination that Petitioner was unlikely to succeed on such a claim, based upon the unsettled state of the law in Summit County at the time of Petitioner's trial, and as evidenced by the Summit County appellate court's subsequent denial of relief to Petitioner's co-defendant on an identical claim.  See State v. Hilliard, 2006 WL 2141197 at *5-6 (Ohio App. 9 Dist. 2006); see also State v. Baker, WL 1808339 *3-4 (Ohio App. 9 Dist. 2008) (holding that Old Chief did not require state to accept defendant's offer to stipulate to prior conviction in prosecution for having a weapon under disability).

Petitioner asserts that "the Sixth Circuit [has] held that trial counsel's performance is objectively unreasonable when counsel fails to object, even if the objection will likely

be overruled, when an issue's 'resolution is clearly foreshadowed by existing decisions.'" (Dkt. # 18 at 7) (quoting <u>Nichols v. United States</u>, 501 F.3d 542, 545 (6th Cir. 2007)). The Sixth Circuit specifically noted in <u>Nichols</u>, however, that "[o]nly in a rare case will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under then-prevailing law." <u>Nichols</u>, 501 F.3d at 545 (quoting <u>Lucas v. O'Dea</u>, 179 F.3d 412, 420 (6th Cir. 1999)).

Furthermore, it is not at all apparent that at the time of Petitioner's trial, the resolution of the stipulation issue in Ohio was "clearly foreshadowed by existing decisions." At the time, at least three appellate districts in Ohio had held that <u>Old Chief</u> did not require a state trial court to accept a defendant's offer to stipulate to a prior conviction. <u>State v. Jordan</u>, 1999 WL 257808 (Ohio App. 8 Dist. 1999); <u>State v. Jackson</u>, 2003 WL 1701188 (Ohio App. 10 Dist. 2003); <u>State v. Russell</u>, 1998 WL 778312 (Ohio App. 12 Dist. 1998). Moreover, subsequent to Petitioner's conviction, the Summit County appellate court held in <u>Baker</u> that trial counsel is not ineffective for failing to stipulate to a prior conviction, noting that <u>Old Chief</u> does not require the trial court or the state to accept a defendant's offer to stipulate. 2008 WL 1808339 at *2-4.[2]

Simply put, it was not objectively unreasonable for Petitioner's appellate counsel to fail to raise a claim for ineffective assistance of trial counsel based upon trial counsel's

---

[2]     Petitioner notes that the Supreme Court of Ohio accepted the following issue on appeal in <u>State v. Baker</u>, 893 N.E.2d 513 (Ohio 2008) on September 10, 2008:
        "Does <u>Old Chief v. United States</u> (1997), 519 U.S. 172, apply to Ohio, state law, criminal prosecutions?"
        The fact that the Supreme Court accepted the issue more than three years after Petitioner's trial commenced does not make the instant case one in which the resolution of the stipulation issue was "clearly foreshadowed by existing decisions." Furthermore, it remains unclear how the Court will rule on the issue.

failure to offer to stipulate to Petitioner's prior convictions.  As the Magistrate Judge noted, an appellant does not have a constitutional right to have every nonfrivolous issue raised on appeal.  Jones v. Barnes, 463 U.S. 745, 750-54 (1983).  The law in Ohio regarding the authority of Old Chief with respect to stipulations in state criminal prosecutions was unsettled at the time of Petitioner's trial, and currently remains unsettled.  It was therefore not clear that, had trial counsel offered to make such a stipulation, it would have been accepted.  Thus, appellate counsel did not render deficient performance in failing to raise a claim for ineffective assistance of trial counsel on such grounds.

Accordingly, the Court finds that the claim of ineffective assistance of appellate counsel presented in Ground Two of the instant petition is without merit.  Petitioner's objections to the Magistrate Judge's findings on the issue are also without merit.

Because the claim presented in Ground Two is without merit, the procedural default of the claim presented in Ground One is not excused by the ineffective assistance of appellate counsel.  Therefore, the claim of ineffective assistance of trial counsel presented in Ground One of the instant petition is procedurally defaulted.

## III. CONCLUSION

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.  Petitioner's objections are without merit.  Therefore, the report and recommendation of Magistrate Judge Vecchiarelli (Dkt. # 17) is hereby **ADOPTED**, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

7

Furthermore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – December 10, 2008**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**